IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 6 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**Tangela Watts**          **PLAINTIFF**

4:19-CV-879-BRW

V.

This case assigned to District Judge ___Wilson___
and to Magistrate Judge ___Volpe___

**Dallas County Child Protective Service Unit**   **DEFENDANT**

**State of Texas**

**State of Arkansas**

**Department of Human Services**

**John Doe**

**Jane Doe**

### COMPLAINT

Comes now Plaintiff, Tangela Watts **hereinafter referred to as Watts** ., prose, and for this Complaint against the Defendants, **Dallas County Child Protective Service Unit (hereinafter referred to as "the Department")** ,State of Texas hereinafter referred to as " Texas" , State of Arkansas hereinafter referred to as "Arkansas",Department of Human Services hereinafter referred to as "DHS" , John Doe and Jane Doe

**I. PARTIES, JURISDICTION, & VENUE**

1. This is an action to secure redress of rights for injunction ,declaration relief and to secure redress of rights brought under 28 U.S.C. § 1331 and 1334 ,the Privileges and Immunities Clause of the 14th Amendment, Article IV, Section 2 and ARTICLE IV, SECTION 4 of the U.S.C. the Declaration of Independence,, The Uniform Child-Custody Jurisdiction and Enforcement Act as well as under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as selective incorporated and made binding on the State of Arkansas and On the State of Texas. This action further invoke the following revolution "Whenever the General Government assumes undelegated powers, its acts are unauthoritative, void, and of no force." [Thomas Jefferson: Kentucky Resolutions, 1798].Of all the circuits, the Ninth Circuit has addressed jurisdictional issues more than any of the rest. In *United States v. Bateman*, 34 F. 86 (N.D.Cal. 1888), it was determined that the United States did not have jurisdiction to prosecute for a murder committed at the Presidio because California had never ceded jurisdiction; see also *United States v. Tully*, 140 F. 899 (D.Mon. 1905)

2. The Court has jurisdiction over all parties and subject matter, and venue is proper. The Arkansas "saving statute" applies to federal constitutional torts.

3. Plaintiff, Tangela Watts , is and has been at all times pertinent hereto, a resident of Jefferson County Arkansas.

4. Plaintiff asserts that all Defendants did partake in all of the following acts.

## II. STATEMENT OF FACTS

5. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 5 hereinabove.

6. Plaintiff is a Black Citizen or an African American who is part of a protective class.

7. Defendant intentionally discriminated against Plaintiff right to equality

8. Plaintiff Asserts all actions of Defendants was done under the color of the law.

9. Defendant conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

10. First, in both the 1866 and 1870 Acts, the general rights-creating language in Section 1981 was followed by an enforcement provision. That provision made it a federal misdemeanor to: under color of any law, statute, ordinance, regula- tion, or custom, * * * subject, or cause to be sub- jected, any inhabitant of any State or Territory to the deprivation of any right secured or protected by this act, or to different punishment, pains, or penal- ties on account of such person having at any time been held in a condition of slavery or involuntary ser- vitude * * * , or by reason of his color or race, than is prescribed for the punishment of white persons. Section 1, as in Section 2. Section 1 stated that "there shall be no discrimination in civil rights or im- munities among the inhabitants of any State or Terri- tory of the United States on account of race, color, or previous condition of slavery."

11. Plaintiff asserted had she been white she would not have been discriminated against .

12. Plaintiff was denied the right to be judge by her citizens and peers Plaintiff was denied the right to the protection of Plaintiff State law in which Plaintiff domicile resided.

13. On or about September 15, 2012 Watts was pregnant Traveling from her domicile Pine Bluff Arkansas to Dallas Texas. While having a mere presence in the State of Texas . On or about September 17, 2012 Watts went into labor and during the time Watts was in the care of the Hospital Watt's 8 children were illegally taken by "The Defendant " from Watts against her consent and will. On or about the following day "The Defendant " Gave Watts numerous documents & inform Watts to appear for trial in the State of Texas if Watts wanted to ever see her children again.

14. ~~[struck through]~~ alleges the Defendants specifically the State of Texas illegally took Watts children away from and illegally terminated Watts parental rights without Jurisdiction and in violation of Arkansas Code § 9-19-201 and Arkansas Code § 9-19-202 and 203. Initial child-custody jurisdiction and the UCCJEA

15. Watts informed the Defendants and the Courts that she was a resident of Jefferson County Arkansas and that she wanted her case transferred back to Arkansas and that Watts Was protected by Arkansas Code 9-19-201 and Arkansas Code 9-19-202 and 203

16. Watts had a child custody case pending in the State of Arkansas in Judge Brown Court in the State of Arkansas .

17. The Defendants knew Watts was not a citizen or a resident of Texas but disregarded that fact and illegally Kidnap Watts children under the color of the law.

18. The Defendants knew that ~~Wyatt~~ Watts's had a child custody case pending in the State of Arkansas and the Defendants blatantly disregarded this fact.

19. Plaintiff asserts the whole proceeding was a violation of Plaintiff 14th amendment due process rights and that plaintiff request this court for temporary and permanent injunction and protective Order and a declaration order directing defendants to immediately return Plaintiff's children to her immediately,

20. defendant's; et al did "Bait & Gate" the plaintiff into an illegal court proceeding without Jurisdiction

21. Defendant's et al did deny Plaintiff the rights to equal treatment and protection and immunities of all Citizens afforded to all citizens of the State of Arkansas Plaintiff maintain she had a right to be Judged by her peers and Plaintiff peers is in Jefferson County Arkansas

22. Defendants have a " Pattern" and a illegal custom that deprive out of state black residents of their legal rights to liberty and the right to travel through a different State without illegal recourse.

23. Plaintiff asserts Defendant did not ever attain proper jurisdiction to terminate Plaintiff Parental rights.

24. Plaintiff children names is as followed. Dyamond A. White .. Joshua Bernard Logan .. Vincent Lamar Tyler .. Robert Moses Watts .. Kelsey N. Watts .. Kameron D. Watts .. Brayden D. Watts .. Austin D. Watts .. Infant Rayford ..

25. **III. Cause of Action against All Defendant**

26. Plaintiff incorporates by references the above-alleged action contained in paragraphs 1 through 25 word or word..

27. Plaintiff respectfully submits that the above-alleged actions of Defendant were done in violation of one or more of the following provisions of the United States Constitution, made binding upon the State of Arkansas under the Due Process Clause of its Fourteenth Amendment:

(a) Fourth Amendment to the federal Constitution, Fourth Amendment to the Federal Constitution.Due Process Clause of the Fourteenth Amendments to the federal Constitution;First Amendment to the federal Constitution,Equal Protection Clause of the Fourteenth Amendment to the federal Constitution and 42 U.S.C. §§ 1981 AND 1983;

(b) Defendant actions were otherwise in violation of the provisions of the federal Constitution as the proof in this cause may bear out;

### III. VI. ATTORNEY'S FEES

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50 hereinabove.

29. In addition to compensatory and punitive damages, Plaintiff is entitled to be reimbursed for his own attorney's fees in handling of this lawsuit, pursuant to 42 U.S.C § 1988(b). Plaintiff request this court to appoint plaintiff with council or an attorney

### VII. DEMAND FOR JURY TRIAL

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 hereinabove word for word

Plaintiff hereby invokes his right to a trial by jury pursuant to the Seventh Amendment to the United States Constitution

### VII.

21 "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with

22 23 [Brady v. U.S., 397 U.S. at 749, 90 S.Ct. 1463 at 1i469 (1970)]Plaintiff assert the Defendant illegally took her children away from through deceit and fraud and without Plaintiff's consent

**WHEREFORE,** Plaintiff,., prays for declaratory judgment injunction relief and for public apologies to be announced against Defendant for his costs herein expended, for prejudgment interest, for her attorney's fees, and for whatever just and proper relief to which he may be entitled

*Jangelan Tate-Watts*
Signed                    Date December 3, 2019

1804 W. 26th Ave
Pine Bluff, AR 71603